UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
MOLINE DIVISION

| | |
|---|---|
| LEROY WORKMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>DEERE & COMPANY<br><br>*Defendant*. | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Leroy Workman, ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following for his Complaint against Defendant Deere & Company ("John Deere" or "Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel, and review of public documents.

## PRELIMINARY STATEMENT

1. Tractor manufacturers have certain basic rules and procedures that must be followed. When a tractor manufacturer sells a Tractor, it has a duty to ensure that the tractor functions properly and safely for its advertised use and is free from defects. When a tractor manufacturer discovers a defect, it must explicitly disclose the defect and make it right or cease selling the tractor. When a tractor manufacturer provides a warranty, it must stand by that warranty. This case arises from Defendant's breach of these listed duties and rules.

1

2. Plaintiff brings this action on behalf of himself and all similarly situated persons who purchased or leased any John Deere Compact Utility Tractors sold from November 2017 to July 2024 with the following model numbers ("Class Tractors"):

- 1023E

- 1025R

- 2025R

3. This action is brought to remedy various violations of law in connection with Defendant's manufacture, marketing, advertising, selling, warranting, and servicing of the Class Tractors.

4. Specifically, these Class Tractors have malfunctions regarding their brake systems in which the front bell crank in the brake linkage can fail, thereby causing the tractor to lose braking, resulting in a crash hazard. ("Brake System Defect").[1]

5. On September 26, 2024, John Deere recalled nearly 148,000 of the above referenced Class Tractors ("Recall").[2]

6. The allegations herein are based on personal knowledge as to Plaintiff's own experience and are made as to other matters based on an investigation by counsel, including analysis of publicly available information.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of

---

[1] https://www.cpsc.gov/Recalls/2024/John-Deere-Recalls-Compact-Utility-Tractors-Due-to-Crash-Hazard (last accessed December 19, 2024).
[2] *Id*.

interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

8. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself to this District's jurisdiction and authority, given Defendant's minimum contacts within this District through Defendant's extensive marketing, advertising, and sale of Class Tractors throughout this District.

9. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, given that Defendant sells and distributes their Tractors throughout the United States and within this District.

## PARTIES

10. Leroy Workman is a citizen of the State of South Carolina and resides in Laurens, South Carolina. Laurens is located within Laurens County, South Carolina.

11. Defendant is a corporation organized and in existence under the laws of the State of Delaware and registered to do business in the State of Illinois. Defendant's principal place of business is located at One John Deere Place, Moline, Illinois 61265.

12. Defendant designs, manufactures, markets, distributes, services, repairs, sells, and leases Tractors, including the Class Tractors, nationwide and in South Carolina. Defendant is the warrantor and distributor of the Class Tractors in the United States.

13. Defendant, through various entities, markets, distributes, warrants, and sells Tractors, machinery and parts, including the Class Tractors, in multiple locations across the United States, including South Carolina.

## FACTUAL ALLEGATIONS

14. Since 2017, Defendant has designed, manufactured, distributed, sold, and leased Tractors, including the Class Tractors. Defendant has sold, directly or indirectly, through dealers and other retail outlets, over 148,000 Class Tractors in South Carolina and nationwide.[3]

15. Plaintiff purchased his 2025R Compact Utility Tractor within the applicable recall period.

16. As discussed earlier and in more detail below, the Class Tractors contain a design defect that causes a serious safety concern. The design defect with the Class Tractors is contained in the Brake System.

17. In more detail, the Brake System Defect in the Class Tractors stems from the front bell crank in the brake linkage. This front bell crank can fail causing the tractor to lose braking, resulting in a crash hazard.

18. As demonstrated by the facts above, there is no foreseeable reason for any of the individual parts to fail. Rather, the failure is caused by Defendant's improper engineering, design, or manufacturing.

19. The result of Defendant's recall, which includes a free fix and repair clause in which Defendant will repair and replace the faulty parts, will cost Plaintiff hours of his time.

20. Moreover, Defendant's Recall is concerning because it does not offer any foreseeable guarantee that the Brake System Defect will go away permanently.

21. Even if one was to presume that the Recall was effective and offered a true fix, which is by no means a fair presumption, Plaintiff is still burdened with a tractor that has been devalued by Defendant's actions because the value of a tractor with a known history of faulty

---

[3] *Id.*

brakes is worth much less than a tractor with properly working brakes, or at least a history of working brakes with no critical issues.

22. Given the above, there is a cognizable risk inherent within this Recall. Unless Defendant is to issue a more comprehensive recall to truly fix the root cause of the Brake System Defect, it is foreseeable, and should be expected, that the Class Tractors' braking systems will fail once again. Defendant's Recall is no more than a repeatedly ineffective waste of time as there is no true fix for the Brake System Defect.

23. In all, Defendant's Recall leaves more questions than answers regarding the Class Tractors' safety and braking system and, as such, results in a diminution in value for the Class Tractors in question.

24. In addition to the sheer amount of time spent for Defendant to repair the 148,000 Class Tractors, Plaintiff, like every other Class Member, must spend time and money to transport himself and his defective Class Tractor to a John Deere certified mechanic. Defendant claims to offer an at home repair for those who cannot transport their tractor to a dealer location but offers no assurances as to timeframe of an on-site repair.

25. In all, Defendant's Recall amounts to tens of thousands of hours and dollars needlessly taken from Plaintiff and other Class Tractor owners.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class is defined as follows:

> **Nationwide Class:** All persons in the United States who purchased or leased any 2017-2024 John Deere 1023E, 1025R, or 2025R tractors.

27. The Nationwide Class will be referred to as the "Class". Members of the Class will be referred to as "Class Members".

28. Plaintiff qualifies as a member of the Proposed Class in the preceding paragraphs.

29. Excluded from the putative class are any person who falls within the definitions if the person is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendant; (iii) an employee of the Court where this action is pending.

30. The proposed class definitions in ¶ 26 as limited by ¶ 29 may be amended or modified from time to time.

31. The particular members of the Nationwide Class are capable of being described without difficult managerial or administrative problems. The members of the putative class are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from public records.

32. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

33. The Proposed Class is so numerous that the joinder of all members is impracticable.

34. This action has been brought and may be properly maintained on behalf of the class proposed herein under Federal Rule of Civil Procedure 23.

**Numerosity: Fed. R. Civ. P. 23(a)(1)**

35. Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

36. Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased a Class tractor that contained the same Brake System Defect found in all other Class Tractors.

**Adequacy: Fed. R. Civ. P. 23(a)(4)**

37. Plaintiff is an adequate class representative because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class action litigation, and he intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

**Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)**

38. A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members and questions of law and fact common to all Class Members predominate over questions affecting only individual Class Members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources including those from the state of Illinois.

**Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)**

39. Common Questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

   a. Whether Class Tractors contain the alleged Brake System Defect;

   b. Whether the Brake System Defect would be considered material by a reasonable consumer;

   c. Whether the Brake System Defect would constitute an unreasonable safety risk;

   d. Whether Defendant had a duty to disclose the Brake System Defect to Plaintiff and other Class Members;

e. Whether Defendant knew or reasonably should have known of the Brake System Defect before it sold and leased Class Tractors to Plaintiff and Class Members;

   f. Whether the Brake System Defect has diminished the value of the Class Tractors;

   g. Whether the Brake System Defect is capable of being repaired;

   h. Whether Defendant should be declared financially responsible for notifying all Class Members of the problems with the Class Tractors and for the costs and expenses of repairing, replacing, or otherwise remedying the Brake System Defect;

   i. Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid to diagnose, repair, or replace their defective engine parts;

   j. Whether Defendant breached the implied warranty of merchantability pursuant to state law and/or the UCC;

   k. Whether Defendant is liable for fraudulent omission;

   l. Whether Defendant was unjustly enriched;

   m. Whether Plaintiff and the other Class Members are entitled to damages and other monetary relief.

## CAUSES OF ACTION

### COUNT I
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

40. Plaintiff incorporates Paragraphs 1-39 as if fully set forth herein.

41. Plaintiff brings this count on behalf of himself and the Class.

42. Defendant is a merchant and was at all relevant times involved in the distributing, warranting, and/or selling of the Class Tractors.

43. The Class Tractors are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Class Tractors, as goods, were purchased.

44. Defendant entered into agreements with consumers like Plaintiff, to sell the Class Tractors to be used by Plaintiff and Class Members for personal use.

45. The implied warranty of merchantability included with the sale of each Class Tractor means that Defendant guaranteed that the Class Tractors would be fit for the ordinary purposes for which tractors are used and sold and were not otherwise injurious to consumers. The implied warranty of merchantability is a critical part of the basis for the benefit of the bargain between Defendant, Plaintiff, and the Class Members.

46. Defendant breached the implied warranty of merchantability because the Class Tractors are not fit for their ordinary purpose of providing reasonably reliable and safe operation. After all, Defendant did not indicate that the Class Tractors would contain the Brake System Defect.

47. Given that Plaintiff and Class Members are unable to safely drive the Class Tractors without risk of the front bell crank in the brake linkage failing, the Class Tractors are not fit for their particular purpose of personal operation and usage. Defendant's Recall does nothing to truly address this risk, given that there is no explanation on the cause of the Defect. Rather, the Recall continues to replace parts within a defective system with no true bona fide fix to the system that causes the parts to fail.

48. Defendant's warranty expressly applies to the purchaser of the Class Tractors, creating privity between Defendant and Plaintiff and Class Members.

49. Privity is not required because Plaintiff and Class Members are the intended beneficiaries of Defendant's warranties and sales. Defendant's warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

50. Defendant provided sufficient notice of its breaches of implied warranties associated with the Class Tractors. Defendant was put on actual notice of its breach through the

contract between Plaintiff and Class Members and Defendant, and its review of consumer complaints.

51. Had Plaintiff, Class Members, and the consuming public known that the Class Tractors would not be provided with proper braking systems, they would not have purchased the Class Tractors or would have paid less for them. To reiterate, had Plaintiff and Class Members known of the Brake System Defect, they would not have purchased the Class Tractors.

52. As a direct and proximate result of the foregoing, Plaintiff and the Class suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

53. Plaintiff suffered injury in that he purchased a tractor that is worthless. For all intents and purposes, Plaintiff's tractor is now a notoriously unsafe tractor that has trouble stopping.

54. Plaintiff also suffered economic loss in reference to the value of his tractor. As a result of Defendant's Recall, Plaintiff's Tractor's resale value is now diminished. When Plaintiff intends to sell his Class Tractor, the reputation of being a faulty tractor will harm the resale value and place Plaintiff in a much worse bargaining position compared to if Defendant had properly manufactured, designed, produced, distributed, and advertised Class Tractors.

55. Plaintiff has suffered damages because Plaintiff has been inconvenienced by Defendant's Recall and accompanying required repairs. As discussed above, Plaintiff will spend hours tending to Defendant's Recall. Had Defendant produced a tractor that was roadworthy and reliable, Plaintiff would not have had to spend hours of his life tending to this Recall. Plaintiff did not bargain for, or pay for, a tractor with a hazardous Brake System Defect.

## COUNT II
## UNJUST ENRICHMENT

56. Plaintiff incorporates paragraphs 1-39 as if fully set forth herein.

57. Plaintiff brings this count on behalf of himself and the Class.

58. Plaintiff, and the other members of the Class, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless Class Tractors.

59. Defendant voluntarily accepted and retained this benefit. Defendant has knowledge and appreciation of this benefit, which was conferred upon it by and at the expense of Plaintiff and the Class Members.

60. Because this benefit was obtained unlawfully, namely by selling and accepting compensation for the defective Class Tractors without providing working brakes in the Class Tractors, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

61. The circumstances, as described herein, are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiff and the Class Members.

62. Defendant manufactured, marketed, and sold the Class Tractors under the guise of these Tractors being safe, operable, and stoppable. Instead, Defendant sold Tractors that were truly unstoppable, and thus deadly, given their braking issues. And, rather than refunding or reimbursing Plaintiff and Class Members the difference in value related to the diminished resale value, Defendant has offered to simply fix the Class Tractors with a fix that appears to do no more than replace defective systems with even more defective systems.

63. Plaintiff and members of the Class have been injured by reason of this unjust enrichment. Plaintiff has no adequate remedy at law.

64. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class Members for its unjust enrichment, as ordered by the Court.

## COUNT III
## STRICT LIABILTY: DESIGN DEFECT

65. Plaintiff incorporates paragraphs 1-39 as if fully set forth herein.

66. At all times relevant, Defendant was engaged in the business of designing, manufacturing, marketing, testing, selling, distributing, and supplying the Class Tractors and otherwise placed the Class Tractors in the market and stream of commerce for sale to the consuming public.

67. Plaintiff and Class Members used the Class Tractors in a reasonably foreseeable manner.

68. At all times, Defendant held final design approval authority for the subject Class Tractors.

69. The Class Tractors' design is excessively dangerous. The risk of danger inherent in the Class Tractors design and manufacture outweighs any benefit of the design.

70. Defendant knew or should have known that Plaintiff and the Class Members would purchase and use the Class Tractors without inspection for defect. Aside from being entirely uncommon for a consumer to disassemble and inspect a Tractor, it is also unlikely to be permitted by Defendant's dealerships and/or other resellers.

71. As a direct and proximate result of Defendant's conduct, including actions, omissions, and misrepresentations, Plaintiff and the Class have sustained damages:

   a. Economic damages due to this Defect as they are now stuck with Class Tractors that are unsafe and relatively worthless when compared to the purchase price; and

b. Noneconomic damages including emotional distress, inconvenience, loss of enjoyment, past and future.

## COUNT IV
## STRICT LIABILTY: MANUFACTURING DEFECT

72. Plaintiff incorporates paragraphs 1-39 as if fully set forth herein.

73. This Count is pled in the alternative to the above Count of design defect.

74. At all times relevant, Defendant was engaged in the business of designing, manufacturing, marketing, testing, selling, distributing, and supplying the Class Tractors and otherwise placed the Class Tractors in the market and stream of commerce for sale to the consuming public.

75. Along with Class Tractors, Defendant designs, manufactures, and produces all sorts of other Tractors. Given Defendant's other Tractors are capable of stopping with adequate design and manufacture, it logically follows that the Class Tractors would share the same fate.

76. The Class Tractors presumably are capable of safe operation and stopping as Defendant produces many other Tractors that are capable of such safety and adequate operation. Unfortunately, this presumption is not reality. The Class Tractors are incapable of stopping.

77. Plaintiff and Class Members used the Class Tractors in a reasonably foreseeable manner.

78. At all times, Defendant held final manufacturing approval and authority for the subject Class Tractors.

79. The Class Tractors contain a defect, as discussed earlier, in which the front bell crank in the brake linkage can fail causing the tractor to lose braking capability, resulting in a crash hazard. This failure of such bell crank deviates from the adequate design. But for the failure of the bell crank, due to its improper manufacturing, the braking system of the Class Tractors would work.

80. The Class Tractors' design is excessively dangerous. The risk of danger inherent in the Class Tractors design and manufacture outweighs any benefit of the design.

81. Defendant knew or should have known that Plaintiff and the Class Members would purchase and use the Class Tractors without inspection for defect. Aside from being entirely uncommon for a consumer to disassemble and inspect a Tractor, it is also unlikely to be permitted by Defendant's dealerships and/or other resellers.

82. As a result of this faulty manufacturing, the Class Tractors are now relatively worthless when compared to their original purchase price and relative value and are unsafe.

83. Given the loss of value and lack of safety, Plaintiff and the Class Members have been damaged and will continue to suffer damages.

## COUNT V
## VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
## (15 U.S.C. § 2301 *ET SEQ.*)

84. Plaintiff incorporates paragraphs 1-39 as if fully set forth herein.

85. Plaintiff brings this Count individually and on behalf of the Class.

86. Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ET SEQ ("MMWA").

87. Defendant is a "supplier" and "warrantor" within the meaning of the MMWA.

88. The Class Tractors are "consumer products" within the meaning of the MMWA.

89. 15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

90. Defendant's express warranties are written warranties within the meaning of the MMWA.

91. Defendant breached its warranties by offering for sale and selling the Class Tractors, which were by design and construction defective and unsafe due to the Brake System Defect and subsequent Recall. Defendant's actions subjected Plaintiff and the Class to danger as well as monetary damages in that the Class Tractors are inherently worth less compared to their value had the Class Tractors been free of the Brake Defect.

92. Additionally, Plaintiff and the Class Members suffered damages in that they have been greatly inconvenienced by this Recall and Defect as Plaintiff and the Class Members have had to collectively spend thousands of hours and thousands of dollars in time and costs related to repairing the Brake System Defect.

93. Defendant has breached and continues to breach its written and implied warranties of safety and reliability, thereby damaging Plaintiff and the Class, when the Class Tractors fail to perform due to the Brake System Defect.

94. As a result of these breaches, Plaintiff and Class Members have suffered damages.

95. Plaintiff and Class Members seek full compensatory, punitive, and consequential damages as allowed by law, and any other relief to which Plaintiff and the Class may be entitled.

96. Plaintiff and Class Members suffered injury through Defendant's conduct in that Plaintiff and the Class are now owners of Tractors that are worth significantly less, given the Brake System Defect and the notoriety therein.

97. Plaintiff and Class Members suffered injury through Defendant's conduct in that Plaintiff and the Class have, or will have to, spend hours upon hours of their own time, and thousands of dollars in towing fees, in seeking repair for these Class Tractors. Regardless of Defendant's free repair, Plaintiff and the Class are still required to spend hours in time and thousands of dollars in bringing their Tractors to Defendant's dealership for repair.

# PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of himself and members of the Class, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A. Certifying the Class as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendant is financially responsible for notifying the Proposed Class Members of the pendency of this action;

C. Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D. Scheduling a trial by jury in this action;

E. Awarding pre- and post-judgment interest on any amounts awarded, as permitted by law;

F. Costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

G. Any other relief the Court may deem just and proper.

# DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: December 31, 2024

/s/   *James M. Ruppert*
James M. Ruppert, Esq. (6313872)
/s/   *Paul H.  Rademacher*
Paul H. Rademacher, Esq. (6324529)
**HASSAKIS & HASSAKIS, P.C.**
206 S 9th St Ste 201
Mt Vernon, IL 62864
Telephone: (618) 244-5335
Fax: (618) 244-5330
Email: james@hassakislaw.com
Email: paul@hassakislaw.com

-AND-

Paul J. Doolittle (*Pro Hac Vice* forthcoming)
**POULIN | WILLEY | ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: paul.doolittle@poulinwilley.com
        cmad@poulinwilley.com

*Attorneys for Plaintiff Leroy Workman*