E-FILED  
Thursday, 19 June, 2025 01:30:41 PM  
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT  
FOR THE CENTRAL DISTRICT OF ILLINOIS  
ROCK ISLAND DIVISION

LEROY WORKMAN, individually and on behalf of all others similarly situated

Plaintiff,

v.

DEERE & COMPANY

Defendant.

_____/

Case No. 4:24-cv-04245-SLD

## DEFENDANT DEERE & COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE OF COURT

Defendant Deere & Company ("Deere") hereby files this response in opposition to Plaintiff's Motion for Leave dated June 10, 2025 (ECF 12), in which Plaintiff seeks leave to file an untimely response to Deere's Motion to Dismiss dated February 12, 2025 (ECF 9), and states:

1. This is Plaintiff Leroy Workman's second attempt at bringing this lawsuit. After filing a nearly identical complaint in the United States District Court for the District of South Carolina, receiving Deere's responsive motion to dismiss, and voluntarily dismissing that lawsuit shortly thereafter, Plaintiff evidently decided a change of venue suited his interests, and filed the instant action in this Court.

2. In the Complaint, Plaintiff attempts to allege four state-law causes of action relating to the purchase of a compact utility tractor manufactured by Deere, as well as a fifth cause of action under the Magnuson-Moss Warranty Act, which is derived from and related to the state law causes of action. Further, Plaintiff seeks to be made the lead plaintiff of a nationwide class representing every person who purchased or leased a tractor of the subject model lines from 2017 to 2024.

3. Deere timely responded to the complaint by filing a motion to dismiss pointing out the many deficiencies in Plaintiff's complaint, including, *inter alia*, his lack of standing—both personally and to represent a nationwide class, the mootness of his claims, his inability to set forth facts that establish the elements of his state law claims, and his failure to comply with statutory conditions precedent to filing his MMWA claim.

4. In its order granting Deere leave to file its memorandum in support of the motion to dismiss[1], the Court identified the date certain by which Plaintiff was required to file a response in opposition to the motion: February 26, 2025. *See* Text Order dated February 12, 2025.

5. Plaintiff did not file a response to the motion to dismiss before February 26, 2025, or, indeed, for three-and-a-half months thereafter.

6. June 10, 2025, Plaintiff filed the instant Motion for Leave, in which his counsel assert that "[t]he delay was not the result of willful disregard or dilatory intent, but stemmed from not calendaring the deadline properly." No further elaboration or explanation is provided. Plaintiff's counsel go on to assert that they have "implemented measures to avoid similar issues in the future," again without elaborating or explaining what measures have been put in place or why those measures will prevent similar problems in the future.

7. Deere opposes Plaintiff's motion.

8. Under Local Rule 6.1:

> Any party seeking an extension of time for any reason must file a motion for such extension **before the original deadline**. Motions filed out of time will be denied, **unless the presiding judge determines that such denial would create a substantial injustice**. All such motions must state the amount of additional time requested, and must state whether opposing counsel has an objection to the motion.

Civil LR 6.1 (emphasis added).

---

[1] Deere sought leave because its memorandum in support of the motion to dismiss exceeded the Court's general page limit for such memoranda set forth in Local Rule 7.01(B)(4).

9. Local Rule 7.1 reiterates the requirement that requests for extensions of time be filed prior to the deadline that is sought to be extended. *See* Civil LR 7.1(A)(3) ("Motions for extensions of time must be filed within the original time allowed").

10. Plaintiff failed to comply with these rules by: 1) filing the motion months after the deadline had passed; and 2) failing to set forth any basis for the Court to find that denial of the motion would result in substantial injustice.

11. Deere ordinarily would not oppose a reasonable extension of time to respond to a motion to dismiss. However, the request here is manifestly unreasonable. Plaintiff seeks to file a response more than three months after it was due, with only the barest explanation for the delay.

12. Additionally, it bears noting that Plaintiff had the benefit of two additional months to consider the arguments Deere raised in the motion to dismiss. This is because Deere filed a nearly identical[2] motion to dismiss in the South Carolina action on December 4, 2024, prior to Plaintiff's voluntary dismissal of that action and resuscitation of his claims in this Court.

13. In light of the foregoing, Plaintiff's motion is simply devoid of any showing that denial of the motion would result in substantial injustice. In the absence of a showing of substantial injustice, the request is both inadequate and an unnecessary cause for further delay in the disposition of the case.

WHEREFORE, Deere respectfully requests the Court deny Plaintiff's motion and grant all other relief the Court deems just and proper.

---

[2] With variations to address the choice of law issues presented by the change of venue, to address the small changes in the claims raised in the new complaint, and to replace controlling Circuit precedent, where appropriate.

**MURPHY & ANDERSON, P.A.**

*/s/ Niels P. Murphy*
**NIELS P. MURPHY (lead counsel)**
Florida Bar No.: 0065552
nmurphy@murphyandersonlaw.com
acook@murphyandersonlaw.com
**JORDAN M. JANOSKI**
Florida Bar. No.: 112561
jjanoski@murphyandersonlaw.com
lcarr@murphyandersonlaw.com
1501 San Marco Boulevard
Jacksonville, Florida 32207
(904) 598-9282 (phone)
(904) 598-9283 (fax)

And

**BOZEMAN, NEIGHBOR, PATTON, & NOE, LLP**
**JEFFREY D. MARTENS**
Illinois ARDC No.: 6225553
jmartens@bnpn.com
**DANIEL F. HARDIN**
Illinois ARDC No.: 6309192
dhardin@bnpn.com
1620 Fifth Avenue Suite 101
Moline IL 61265
(309) 797-0850 (Phone)
(309) 524-3488 (Fax)
*Attorneys for Defendant Deere & Company*

# CERTIFICATE OF SERVICE

      I hereby certify that on June 19, 2025, a copy of the foregoing was served on the following by filing with the Court's electronic filing system:

**POULIN WILLEY ANASTOPOULO**
**PAUL J. DOOLITTLE**
Fed. ID No.: 6012
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536

and

**HASSAKIS & HASSAKIS, P.C.**
**JAMES M. RUPPERT, ESQ.**
Fed. ID No.: 6313872
james@hassakislaw.com
**PAUL H. RADEMACHER, ESQ.**
Fed ID No.: 6324529
paul@hassakislaw.com
206 S 9th St Ste 201
Mt Vernon, IL 62864
Telephone: (618) 244-5335
Fax: (618) 244-5330
*Attorneys for Plaintiff Leroy Workman*

                                        */s/ Niels P. Murphy*
                                        Attorney