E-FILED

Thursday, 18 June, 2026  02:11:19 PM

Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| LEROY WORKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04245-SLD-RLH |
| | ) | |
| DEERE AND COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant Deere and Company's ("Deere") motion to dismiss Plaintiff Leroy Workman's amended complaint, ECF No. 18, and motion for leave to file a reply, ECF No. 20. For the reasons that follow, Deere's motion for leave to file a reply is DENIED, and its motion to dismiss is DENIED IN PART and the remainder is CONVERTED into a motion for summary judgment.

## BACKGROUND[1]

### I.    Facts of the Case

Deere is a corporation that, among other things, designs, manufactures, markets, distributes, repairs, and sells tractors nationwide, including in South Carolina. It also has authorized dealerships across the country. The 2025R Compact Utility Tractor line of Deere products contains a design defect in its brake system, creating serious safety concerns. The front bell crank in the bell crank linkage can fail and, if this happens, the tractor may not be able to

---

[1] When reviewing a motion to dismiss, the court "accept[s] as true all well-pleaded facts in the complaint and draw[s] reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022). The factual background is drawn from the amended complaint, ECF No. 16.

1

brake when necessary.  There is no reason for this failure other than improper engineering, manufacturing, or design.

Workman, who lives in Laurens, South Carolina, purchased a 2025R Compact Utility Tractor ("the tractor") from authorized Deere dealer Blanchard Equipment.  Workman "experienced the [tractor's] defect firsthand."  Am. Compl. ¶¶ 22, 51, ECF No. 16.  Workman bought his tractor within the appropriate timeframe to qualify for the recall; however, when he tried to take advantage of the recall, he was placed on a waitlist.  He had to wait "a few months" to get his tractor repaired, during which time he could not use the tractor.  *Id.* ¶ 22.  He alleges that "[t]he inability to use the tractor from the time it manifested its defect until its repair constitutes an injury."  *Id.*  Workman also alleges that the latent brake defect existed when he purchased the tractor and made it unfit for safe and reliable operation, depriving him of a safe machine.  His tractor is now worth substantially less than the price he paid for it because of the defect.  If Workman had known of the brake defect at the time of purchase, he would have either not purchased the tractor or purchased it for less money.

He alleges that this overpayment and loss "of benefit of the bargain" are economic injuries resulting from Deere's breach of an implied warranty of merchantability.  *Id.* ¶ 26. Deere's recall did not remedy the breach of implied warrant of merchantability because it does not address the underlying engineering flaw that caused the initial failure.  Because of this, Workman asserts that there is a foreseeable risk that the brakes will fail again.  Workman also brings class action allegations.

## II.    Procedural History

Workman filed his first complaint on December 31, 2024, alleging breach of implied warrant of merchantability, unjust enrichment, strict liability – design defect, strict liability –

manufacturing defect, and violation of the Magnuson-Moss Warranty Act. *See generally* Compl., ECF No. 1. Deere filed its first motion to dismiss Workman's complaint in its entirety on February 12, 2025. Feb. 12, 2025 Mot. Dismiss, ECF No. 9. This Court granted Deere's motion and dismissed all of Workman's claims without prejudice. *See generally* Sept. 30, 2025 Order, ECF No. 15. In the September order, the Court found that substantive South Carolina law applies, *id.* at 6–8, that Workman "ha[d] plausibly alleged that he suffered an injury-in-fact, and he therefore ha[d] standing to sue on his own behalf," *id.* at 9–12, and that prudential mootness did not merit dismissal, *id.* at 12–13. However, it held that Workman's breach of implied warranty of merchantability claim failed for lack of injury, *id.* at 14–16; his unjust enrichment claim failed because he alleged an express contract between himself and Deere, *id.* at 16–17; his strict liability claims failed because he did not allege physical harm and South Carolina's economic loss rule bars his alleged economic damages, *id.* at 18–19; and his Magnuson-Moss Warranty Act claim failed because he did not state a breach of warranty claim, *id.* at 19–20. The Court concluded by granting Workman leave to file an amended complaint to remedy the identified deficiencies by October 14, 2025. *Id.* at 20. Workman timely filed his amended complaint, bringing only two claims against Deere: breach of implied warranty of merchantability (Count I) and unjust enrichment (Count II). Am. Compl. 11–16.[2]

**DISCUSSION**

I.      **Motion for Leave to File a Reply**

Pursuant to Civil Local Rule 7.1(B)(3), a party must seek leave of the Court to file a reply to the response to its motion. "Typically, reply briefs are permitted if the party opposing a motion has introduced new and unexpected issues in his response to the motion, and the Court

---

[2] The Court uses page numbers, rather than paragraph numbers, to discuss the counts of the amended complaint because these paragraphs are inconsistently numbered.

finds that a reply from the moving party would be helpful to its disposition of the motion . . . ." *Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011).  Deere has moved for leave to file a reply in support of its motion to dismiss.  Mot. Leave File Reply. Workman has not responded.  Deere argues that it needs to file a reply to address new theories not grounded in the allegations of the complaint.  *See* Mot. Leave File Reply ¶ 4.  With the exception of Workman's reliance on product liability law to argue he conferred a benefit upon Deere, which the Court rejects, none of the arguments raised in Workman's response should have been unexpected.  *See generally* Resp., ECF No. 19.  As such, Deere's motion for leave to file a reply is DENIED.

## II.     Motion to Dismiss

### a.  Legal Standard

In reviewing a motion to dismiss, a court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).  A court will dismiss a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In determining whether such a claim has been stated, a court should consider the complaint's well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The allegations must "raise a right to relief above the speculative level."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation marks omitted).  Put another way, a "plaintiff must give enough details about the subject-matter of the case to present a story that holds together."  *Swanson v. Citibank, N.A.*, 164 F.3d 400, 404 (7th Cir. 2010).

4

### b. Analysis

This Court has already decided that South Carolina substantive law applies to Workman's claims. *See* Sept. 30, 2025 Order 5–8. As neither party suggests that application of South Carolina law is no longer appropriate and the Court sees no material change in its choice of law considerations, the Court again applies South Carolina substantive law. Deere attached an express warranty to its motion to dismiss and argues that it defeats both counts of Workman's amended complaint. *See* Express Warranty, Mot. Dismiss Ex. 1, ECF No. 18 at 15–16. Because Deere raises arguments about the attached express warranty for both of Workman's claims, the Court first decides whether to consider the express warranty, and then turns to the arguments raised in the motion to dismiss.

### i. Express Warranty Exhibit

"As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). "If . . . matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss] must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The incorporation-by-reference doctrine "is an exception under which a court may consider documents that are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim." *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 663 (7th Cir. 2022). This exception is "narrow" and "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Rather, it "prevents a plaintiff from avoiding dismissal by omitting facts or documents that undermine his case." *Fin. Fiduciaries*, 46 F.4th at 663. When documents attached to a motion to dismiss do not fit this narrow

exception, a court has "complete discretion" to either consider the extra material and convert the motion to one for summary judgment or exclude the extra material. 5C Wright & Miller's Federal Practice & Procedure § 1366 (3d ed. Apr. 2021 Update); *see also Levenstein*, 164 F.3d at 347.

Deere recognizes that Workman did not attach the express warranty to his amended complaint but maintains that the Court can consider it "as a document that is indispensably incorporated by reference into the Complaint by virtue of Plaintiff's allegations in both the Amended Complaint and the two prior iterations of the Complaint." Mot. Dismiss 4 n.3. This is unconvincing—Workman does not allege the existence of an express warranty anywhere in the operative complaint. *See generally* Am. Compl. And Deere does not provide, nor is the Court aware of, any case law that supports consideration of an exhibit referenced by prior, dismissed iterations of a complaint when reviewing an amended complaint which does not reference the exhibit. Thus, the narrow incorporation-by-reference doctrine does not apply in this case.

The Court must now decide whether to exercise its discretion and convert this motion into one for summary judgment. *See Levenstein*, 164 F.3d at 347. "[The court's] discretion generally will be exercised on the basis . . . of whether the proffered material—and the resulting conversion from the Rule 12(b)(6) and Rule 56 procedure—is likely to facilitate the disposition of the action." 5C Wright & Miller's Federal Practice & Procedure § 1366 (3d ed. Nov. 2025 Update) (collecting cases).

Deere argues that the express warranty defeats Workman's breach of implied warranty claim because the express warranty disclaims all implied warranties. Mot. Dismiss 7–8. It also argues that the express warranty creates a contractual remedy that precludes Workman from succeeding on an unjust enrichment claim. *Id.* at 8–9. Both of these arguments are potentially

6

dispositive of Workman's claims.  For efficiency's sake, and because Workman neither argues against consideration of the express warranty nor asserts that the case would benefit from further discovery, *see generally* Resp., the Court exercises its discretion and converts the 12(b)(6) motion into a Rule 56 motion, *see* 5C Wright & Miller's Federal Practice & Procedure § 1366 (3d ed. Nov. 2025 Update); *cf. Nutrien Ag Sols., Inc. v. Consol. Grain & Barge Co.*, No. 4:21-cv-04091-SLD-JEH, 2022 WL 673700, at *3 & n.4 (C.D. Ill. Mar. 7, 2022) (declining to convert a motion to dismiss into a motion for summary judgment because the plaintiff stated the case would benefit from further discovery).  After allowing additional briefing, the Court will address Deere's arguments that rely on the express warranty along with its argument that the recall process is an adequate remedy at law.  *See* Mot. Dismiss 9–10.

The Court, however, addresses Deere's remaining arguments to narrow the scope of the issues.

### ii.  Count I: Breach of Implied Warranty of Merchantability

Workman's amended complaint brings one count of breach of implied warranty of merchantability against Deere.  Am. Compl. 11–14.  This Court dismissed Workman's first breach of implied warranty of merchantability claim because, "[a]lthough Workman's alleged financial injury [was] sufficient to establish Article III standing," he failed to show that his alleged injury was compensable under South Carolina law.  Sept. 30, 2025 Order 15.  Deere argues that Workman's amended complaint still fails to allege an injury for which South Carolina law allows compensation.  *See* Mot. Dismiss 4–7.

As explained in this Court's first order, under South Carolina law, to state a claim for breach of the implied warranty of merchantability, a plaintiff must allege:

> (1) a merchant sold goods; (2) the goods were not "merchantable" at the time of sale; (3) the plaintiff or his property were injured by such goods; (4) the defect or

other condition amounting to a breach of the implied warranty of merchantability proximately caused the injury; and (5) the plaintiff so injured gave timely notice to the seller.

*Grubbs v. Wal-Mart Stores, Inc.*, 514 F. Supp. 3d 820, 824 (D.S.C. 2021).  To be "merchantable," goods must be "fit for the ordinary purposes for which such goods are used." *Red Feather Golf & Soc. Club, LLC v. Sod Sols., Inc.*, 783 F. Supp. 3d 942, 954 (N.D. Tex. 2025) (quoting S.C. Code Ann. § 36-2-314(2)(a)).  "So defined, 'merchantability' clearly does not encompass consumer expectations that a product will hold its value. . . ." *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 297–98 (4th Cir. 1989).

Most of the injuries Workman alleges in his amended complaint are substantively the same as in his first complaint—that "[t]he product's unsafe condition itself constitutes a loss of value and utility," Am Compl. ¶ 61; that "he paid more for the tractor than he otherwise would have paid had he known of the potential defect," *id.* ¶ 62; and that he "faces a 'risk premium' or 'perception discount' should he go to resell the tractor," *id.*—and have been rejected as a basis for damages by this Court, *see* Sept. 30, 2025 Order 14–16 ("[N]one of these alleged injuries are compensable under South Carolina law.").  Workman, however, made two substantive changes to his amended complaint that bear on the injury question; he now alleges that he "experienced the defect firsthand," Am. Compl. ¶ 22, and so he "needed to rely upon the 'bucket' to assist with bringing the tractor to a stop," *id.* ¶ 51.  When viewing the amended complaint in the light most favorable to Workman as the Court must at the pleadings stage, he has alleged that the defect occurred in his tractor.  And the general rule is that "the proper measure of damages [for a breach of warranty claim] is the difference between the actual value of [a good] in its defective condition at the time of sale and its value if it had been as warranted." *Cannon v. Pulliam Motor Co.*, 94 S.E.2d 397, 401 (S.C. 1956).  Because the amended complaint now alleges that the defect manifested in Workman's tractor, he has adequately alleged compensable damages.

### iii.  Count II: Unjust Enrichment

Workman's amended complaint also brings one count of unjust enrichment against Deere.  Am. Compl. 14–16.  His first complaint's unjust enrichment claim was dismissed because he "allege[d] that there [wa]s an express contract between Deere and himself, meaning that he c[ould not] pursue an unjust enrichment claim."  Sept. 30, 2025 Order 17.  Deere argues that Workman's amended complaint must be dismissed because Workman "fails to allege that [he] conferred a benefit upon Deere."  Mot. Dismiss 8.

As explained in this Court's first order, to state a claim for unjust enrichment under South Carolina law, a plaintiff must allege: "(1) he conferred a non-gratuitous benefit on the defendant; (2) the defendant realized some value from the benefit; and (3) it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value."  *Inglese v. Beal*, 742 S.E.2d 687, 691 (S.C. Ct. App. 2013).  "The South Carolina Supreme Court define[s] benefits as 'goods or services.'"  *Quintech Sec. Consultants, Inc. v. Intralot USA, Inc.*, No. 2:11-cv-01689-PMD, 2011 WL 5105446, at *4 (D.S.C. Oct. 27, 2011) (quoting *Gignilliat v. Gignilliat, Savitz & Bettis, L.L.P.*, 684 S.E.2d 756, 764 (S.C. 2009)).  "Recovery under a theory of unjust enrichment is available only where the rights and responsibilities at issue are not governed by an express contract."  *Palmetto Health Credit Union v. Open Sols., Inc.*, No. 3:08-cv-3848-CMC, 2010 WL 2710551, at *4 (D.S.C. July 7, 2010), *clarified on denial of reconsideration*, No. 3:08-cv-3848-CMC, 2010 WL 3521609 (D.S.C. Sept. 7, 2010).

Deere argues that Workman's unjust enrichment claim fails because he does not "plausibly allege that he has conferred a benefit upon Deere."  Mot. Dismiss 8.  It asserts that "it affirmatively alleges that [Workman] purchased his tractor from a seller other than Deere."  *Id.* at 10–11 (emphasis omitted).  Workman responds that, because he purchased the tractor from an

9

authorized Deere dealer and "Deere dictated the sales terms, warranty registration, and pricing, and directly recognized revenue from the sale," he did confer a benefit upon Deere.  Resp. 7.

Under South Carolina law, that Workman purchased his tractor from a third-party seller does not prevent him from having conferred a benefit upon Deere.  *Sandviks v. PhD Fitness, LLC*, No. 1:17-cv-00744-JMC, 2018 WL 1393745, at *7 (D.S.C. Mar. 20, 2018), is instructive. Applying South Carolina substantive law to the plaintiff's unjust enrichment claim, the court found that the plaintiff "conferred an economic benefit upon [the d]efendant, which profited from their purchase of the [p]roducts," when the plaintiff purchased supplements manufactured by the defendant from a third-party seller.  *Id.*  "Because [the defendant's] [p]roducts were allegedly defective, [the d]efendant unjustly retained a benefit."  *Id.*  Ultimately, the court held that the plaintiff adequately pleaded an unjust enrichment claim against the manufacturer-defendant.  *Id.*  Here, Workman likewise alleges that he paid a third party for Deere-manufactured products and, in so doing, conferred an economic benefit to Deere, which Deere unjustly retained because of the tractor's defect.  Moreover, Deere provides no support for its assertion that Workman's purchasing of the tractor from a third-party seller prevents him from conferring a benefit upon Deere.  *See* Mot. Dismiss 10–11.  As such, Workman's amended complaint has sufficiently alleged that he conferred a benefit upon Deere.[3]

### CONCLUSION

Accordingly, Defendant Deere and Company's motion for leave to file a reply, ECF No. 20, is DENIED, and its motion to dismiss Plaintiff Leroy Workman's amended complaint, ECF No. 18, is DENIED IN PART and the remainder is CONVERTED into a motion for summary

---

[3] Workman relies on a products liability case in his response, *see* Resp. 7, but this Court already dismissed his products liability claim, *see* Sept. 30, 2025 Order 18–19, and *Sandviks*, 2018 WL 1393745, is more persuasive due to its analogous facts.

judgment.  For efficiency's sake, the Court will treat Deere's motion to dismiss as a motion for summary judgment on the issues of: (1) whether the express warranty disclaimed any implied warranty of merchantability and (2) whether an adequate remedy at law bars Workman's unjust enrichment claim.  When treating a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  Therefore, the Court will allow the parties an additional opportunity to present and support their positions.  If Workman wishes to submit further evidence or argument in support of his assertions that (1) the express warranty did not disclaim an implied warranty of merchantability and (2) no other adequate remedies at law are available to him, he must do so by July 2, 2026.  Deere may reply to Workman's submission within fourteen days of its filing.

Entered this 18th day of June, 2026.

s/ Sara Darrow

SARA DARROW
UNITED STATES DISTRICT JUDGE